HOBSON, Judge.
Appellant appeals a final judgment entered on a jury verdict in favor of the appellees in this personal injury action. Appellant contends that it was entitled to a directed verdict in that there was not sufficient evidence to submit the case to the jury.
Appellees’ complaint charged that appellant was guilty of: 1) negligence in the construction and design of the driveway upon which minor appellee was injured; 2) failure to warn of the dangerous condition; and 3) placing a sign which in effect confused those entering the driveway.
The defendant/appellant, Park Shore, on April 26, 1974, was the owner and possessor of certain land situated in Collier County. Park Shore had constructed a condominium on this property known as Surfs Edge and had under construction another condominium known as Gulf Side. In order to travel from the public street to the condominiums it was necessary that vehicles traverse a circular drive located in front of the Surfs Edge. The private roadway around the traffic circle was 24 feet wide and was of black-top construction. There was shrubbery planted in the island formed by the traffic circle. On the day of the accident there was no painted center stripe on the pavement. There was more than adequate space on the roadway for two motor vehicles. At the entrance there was a small sign with an arrow pointing to the right with the word “Models” printed thereon. There was no other traffic control device on the premises on the date of the accident.
On this date, the minor plaintiff, Clifford S. Miracle, was 12 years of age. He and his family had been residents of Surfs Edge for approximately two months. The minor plaintiff’s father, C. S. Miracle, had given his son a Kawasaki 150 trail motorcycle which was unlicensed and unregistered. On the afternoon of the accident, the minor plaintiff left the parking lot on the north side of Surfs Edge and traveled down the middle of the street around the traffic circle to the right, or counter-clockwise. As he proceeded around the circle to the right, Lance Edward Ciernes, a paperhanger, thinking it was two-way, had entered the driveway from the street and was proceeding to the left, or in a clockwise direction around the same circle, enroute to hang wallpaper on the wall of an apartment in the condominium. The time was approximately 3:30 P. M.; the weather was good. Mr. Ciernes had not been drinking and there was nothing mechanically wrong with the station wagon that he was driving. As Ciernes was getting ready to turn into the parking lot to his left the motorcycle ran into him. Ciernes was in the middle of the road at the time of impact and either was stopped or almost stopped. The motorcycle struck the car on the right front fender between the door and the wheel. The force of the impact was such that the minor plaintiff went over the top of the car. The minor plaintiff thought the driveway was one-way and he was going the right way. The other residents thought it was one-way. The minor plaintiff looked down at his speedometer which read 22 m. p. h. and when he looked up at the Ciernes’ vehicle appeared around the corner and the impact. occurred.
A civil engineer with vast experience and eminent qualifications in the field of traffic *371 control testified at the trial. This expert explained to the jury the features of the roadway herein involved which would lead a motorist to believe that the traffic flowed in one direction, and the features which would lead a motorist to believe that the traffic flowed in both directions.[1] He also explained to the jury the features of the roadway which greatly limited visibility and made maneuvering difficult. The absence of traffic flow indicators was, at best, confusing and therefore dangerous. This expert outlined for the jury the types of indicators and their placement which he considered necessary to ensure the safety of persons traveling on this roadway. It was his opinion that if one driver believed the traffic flow to be one-way and another driver believed the traffic flow to be two-way, then the danger of collision was “great, very great.”
This expert testimony, together with the testimony that the minor plaintiff thought the roadway to be one-way and the driver Ciernes thought the roadway to be two-way is competent substantial evidence to sustain the final judgment.
Appellant’s remaining points have been carefully considered and found to be without merit. Accordingly, the final judgment of the court below is
AFFIRMED.
GRIMES, C. J., and BOARDMAN, J., concur.

. We note that appellant’s counsel elicited testimony from appellant’s principal that the roadway was designed for two-way traffic flow, but now it has been marked for one-way traffic flow.